IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Davis, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Experian Data Corp., Experian Information Solutions, Inc., and CT Corporation System, <br><br> Defendants. | C/A No.: 3:24-cv-4519-MGL-SVH <br><br><br><br><br> REPORT AND RECOMMENDATION |

This matter is before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendants Experian Data Corp. ("EDC") and Experian Information Solutions, Inc. ("EIS"). [ECF No. 5]. Under Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial proceedings in this action have been referred to the undersigned.

On July 9, 2024, Steve Davis, Jr. ("Plaintiff"), proceeding pro se, brought an action in the magistrate's court for Richland County, South Carolina, alleging violations of the Fair Credit Reporting Act against EDC, EIS, and CT Corporation System ("CTCS") (collectively "Defendants"). [ECF Nos. 1-1 and 1-2]. Defendants EDC and EIS[1] removed this case to this court on August 16, 2024. [ECF No. 1]. On August 20, 2024, EDC and EIS filed the

---

[1] A review of the docket shows Plaintiff has not filed proof of service and no attorney has entered an appearance on behalf of CTCS.

instant motion. [ECF No. 5]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response by September 20, 2024. [ECF No. 6]. Plaintiff was specifically advised that if he failed to respond adequately, the motion may be granted. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the motion to dismiss.

On September 24, 2024, the court ordered Plaintiff to advise by October 15, 2024, whether he wished to continue with this case. [ECF No. 11]. Plaintiff was further advised that if he failed to respond, the undersigned would recommend this case be dismissed for failure to prosecute. Plaintiff filed no response. As such, it appears to the court that he does not oppose EDC's and EIS's motion to dismiss.

Applicable rules dictate a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the

court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff alleges Defendants engaged in "[w]illful [n]oncompliance in violation of 15 U.S.C. § 1681n and "[n]egligent [n]oncompliance" in violation of 15 U.S.C. § 1681o. Pursuant to 15 U.S.C. § 1681n(a): "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal

to the sum of—(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 nor and not more $1,000 . . . ." Section 1681o provides: "Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure . . . . " These statutes are found in subchapter III, which "require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b).

The undersigned recommends the court grant EDC and EIS's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to explain which requirements imposed under subchapter III that EDC and EIS allegedly violated. He has also failed to indicate if he sustained any actual damages as a result of the failure and, if so, the amount of such actual damages. Therefore, Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and EDC and EIS should be dismissed without prejudice as defendants to the action.

IT IS SO RECOMMENDED.

October 22, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).