

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STEVE DAVIS, JR.,           §<br>        Plaintiff,           §<br>                                    §<br>vs.                                §<br>                                    §<br>EXPERIAN DATA CORP., EXPERIAN §<br>INFORMATION SOLUTIONS, INC., and §<br>CT CORPORATION SYSTEM, §<br>        Defendants.           § | Civil Action No. 3:24-4519-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS EXPERIAN DATA CORP.
AND EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Steve Davis, Jr. (Davis), who is representing himself, brought this action against Defendants Experian Data Corp. (EDC); Experian Information Solutions, Inc. (EIS); and CT Corporation System, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant EDC and EIS's motion to dismiss for failure to state a claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 22, 2024.  To date, Davis has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court EDC and EIS's motion to dismiss for failure to state a claim is **GRANTED**, and EDC and EIS are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 12th day of November 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.