IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Davis, Jr., ) | C/A No.: 3:24-4519-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND |
| CT Corporation System, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |
| ) | |

Steve Davis, Jr. ("Plaintiff"), proceeding pro se, brought an action in the magistrate's court for Richland County, South Carolina, alleging violations of the Fair Credit Reporting Act against Experian Data Corp. ("EDC"), Experian Information Solutions, Inc. ("EIS"), and CT Corporation System ("CTCS") (collectively "Defendants"). [ECF Nos. 1-1 and 1-2]. Defendants EDC and EIS[1] removed the case to this court on August 16, 2024. [ECF No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial proceedings have been referred to the undersigned. For the reasons that follow, the undersigned recommends the District Judge dismiss CTCS as a defendant and dismiss the case without prejudice.

---

[1] Counsel for EDC and EIS represented in the notice of removal that "[u]pon information and belief, CT Corporation System does not exist as an entity," but "is the registered agent of Experian Information Solutions, Inc. and not a party, or not a proper party, to the action being removed." [ECF No. 1 at 2]. Counsel further noted "CT Corporation has not been served with process, is not named as a party, and is not a party to this litigation." *Id.* at 3.

The state court issued summonses on July 9, 2024. [ECF No. 1-1 at 2, 7 and 1-2 at 7, 12]. CTCS was served in its capacity as registered agent for EDC and EIS on July 17, 2024. [ECF Nos. 1-1 at 11 and 1-2 at 16]. A review of the docket reveals that the 90-day period for service expired on October 7, 2024, but Plaintiff had not filed proof that CTCS was served as a defendant as of that date.

On October 22, 2024, the undersigned issued an order and rule to show cause explaining that pursuant to Fed. R. Civ. P. 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

[ECF No. 13 at 2]. It "place[d] Plaintiff on notice that unless he file[d] proof of proper service as to CTCS or show[ed] good cause to the court by November 21, 2024, for his failure to effect service of the summons and complaint on CTCS, the undersigned w[ould] recommend the case be dismissed without prejudice." [ECF No. 13 at 2–3].[2] A review of the docket reveals Plaintiff has failed to

---

[2] The undersigned issued a report and recommendation the same day recommending the court grant the motion to dismiss filed by EDC and EIS and dismiss EDC and EIS as defendants. [ECF No. 14]. The court subsequently adopted the report and recommendation, granted the motion to dismiss, and dismissed EDC and EIS as defendants [ECF No. 18], leaving CTCS as the only remaining defendant in the action.

2

respond to the court's order and has not filed proof of service as to CTCS.[3]

A pro se plaintiff must comply with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(a1). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

As noted above, Plaintiff failed to file proof of service as to CTCS prior to October 7, 2024, the expiration of the 90-day period for service. Because Plaintiff failed to file proof of service with the court by October 7, 2024, and in accordance with Rule 4(m), the undersigned issued the order and rule to show cause specifying that service must be made by November 21, 2024, or that Plaintiff must show good cause for the failure to serve the summons and complaint on CTCS. Despite the court's warning, Plaintiff has not filed proof that the summons and complaint were served on CTCS.

Fed. R. Civ. P. 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

---

[3] A review of the docket reveals Plaintiff has not responded to the court's prior orders, *see* ECF Nos. 6, 11, did not file objections to the report and recommendation, and has not appeared on the docket since the case was removed from the state court.

3

period." However, Plaintiff has not shown good cause for the failure, as evidenced by his lack of response to the court's prior order.

Although district courts have the discretion to grant an extension of the service deadline in Rule 4(m) even in the absence of a showing of good cause, *id.* at 218–19, the undersigned does not recommend the court exercise its discretion to permit Plaintiff a further extension of time to serve CTCS. The court has afforded Plaintiff opportunities to provide proof of service or to advise the court of the efforts, if any, he undertook to effect service on CTCS. Nothing in the record suggests a further extension of time will result in Plaintiff properly serving CTCS.

In light of the forgoing, the undersigned recommends the court dismiss CTCS as a defendant pursuant to Fed. R. Civ. P. 4(m). The undersigned further recommends the court dismiss the case without prejudice in light of its prior order dismissing EDC and EIS.

IT IS SO RECOMMENDED.

November 26, 2024                               Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).